## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS' UNION, AFL-CIO, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 08-2200 (RMC) |
| UNITED STATES POSTAL SERVICE, | ) ) |  |
| Defendant. | ) ) ) |  |

## MEMORANDUM OPINION

American Postal Workers' Union, AFL-CIO ("APWU" or "Union") brought this suit alleging that the United States Postal Service ("Postal Service") breached a collective bargaining agreement between the parties by failing to comply with an arbitration award finding liability. The Postal Service moves to dismiss for lack of jurisdiction, arguing that the matter is not ripe because the arbitration award has been remanded for the determination of a remedy. As explained below, the motion to dismiss will be granted.

### I.  FACTS

Pursuant to Article 15 of the collective bargaining agreement ("CBA") between APWU and the Postal Service, the parties have agreed to resolve their disputes through grievance and binding arbitration. Compl. [Dkt. # 1] ¶ 8; Def.'s Mot. to Dismiss [Dkt. # 7] ("Def.'s Mot."), Ex. 3 (CBA) at 90-108. The dispute underlying this case was whether the Postal Service properly assigned flat preparation work on the Automated Flats Sorting Machine 100 ("AFSM 100") at the

Sacramento, California, processing and distribution center to the Mailhandler Craft or whether, as

APWU claimed, the flat preparation work should have been assigned to the Clerk Craft.  Compl. ¶

7.  This dispute went to arbitration, and on June 28, 2008, the Arbitrator issued an Award stating as

follows:

> In light of the history of this particular facility, the changeover to the
> AFSM 100 did not cause an operational change; and therefore the
> continuing assignment of flat prep work fo[r] the AFSM 100 to the
> Clerks was required.   The reassignment of that work to the
> Mailhandlers was improper.  The APWU and the Service shall submit
> the issue of remedy to the Article 15 process.

*Id*., Ex. 1 at 6.  Pursuant to the Arbitrator's ruling, on February 25, 2009, the parties remanded the

case "to the Article 15 grievance-arbitration procedure for further processing, up to and including

Regional arbitration."  *Id*., Ex. 2 at 1.  Both APWU and the Postal Service signed the remand.  *Id*.

Prior to the remand, on December 18, 2008, APWU filed a Complaint in this Court

against the Postal Service alleging that, despite repeated requests, the Postal Service had not stated

unequivocally that it would comply with the Award and that the Postal Service's failure to comply

with the Award constituted a breach of the CBA.  Compl. ¶¶ 11-13.  The Postal Service moves to

dismiss, asserting that the Union's claim is not ripe because the remedy issue is still pending.

## II.  LEGAL STANDARD

Jurisdiction requires that a claim be ripe for decision.  Under the Constitution, federal

courts are limited to deciding "actual, ongoing controversies."  *Honig v. Doe*, 484 U.S. 305, 317

(1988).  To show that a claim is ripe, a plaintiff must demonstrate (1) the fitness of the issues for

judicial decision, and (2) the hardship to the parties caused by withholding court consideration.  *Nat'l*

*Treasury Employees Union v. Chertoff*, 452 F.3d 839, 854 (D.C. Cir. 2006) (citing *Abbott Labs. v.*

*Gardner*, 387 U.S. 136, 149 (1967)). A claim "is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). By requiring that claims be ripe before adjudication by a federal court, courts promote judicial economy, avoid becoming entangled in abstract disputes, and ensure a record adequate to support an informed decision when a case is heard. *Abbott Labs.*, 387 U.S. at 149.

Because subject matter jurisdiction is an Article III as well as a statutory requirement, "no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

APWU erroneously asserts that it is inappropriate for the Court to consider matters outside the pleadings on a motion to dismiss because the Court must permit discovery. *See* Opp'n at 3 n.1. However, because subject matter jurisdiction focuses on a court's power to hear the claim, a court must give a plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). In resolving a 12(b)(1) motion, a court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). A federal court may consider materials outside the pleadings to determine whether it has jurisdiction over the claim. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III. ANALYSIS

Federal district courts have jurisdiction under the Postal Reorganization Act, 39 U.S.C. § 1208(b),[1] to enforce arbitration awards that are final and binding. *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 827 F. Supp. 836, 838 (D.D.C. 1993). While the Postal Reorganization Act does not explicitly provide for enforcement of arbitration awards in federal court, the Act is substantially similar to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which does so provide. *Am. Postal Workers Union*, 827 F. Supp. at 838 n.2.[2] A federal court only has jurisdiction to vacate or enforce a labor arbitration award if it is final and binding. *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987). An arbitration award that postpones the determination of a remedy is not final and binding. *Millmen Local 550*, 828 F.2d at 1376; *accord Local Union 15 v. Exelon Corp.*, 2004 WL 769431, * 4 (N.D. Ill. Apr. 8, 2004); *Public Serv. Elec. & Gas Co. v. System Council U-2*, 703 F.2d 68, 69-70 (3d Cir. 1983).

Further, "a union and its members must exhaust the remedies provided in their

---

[1] The Postal Reorganization Act provides:

> Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.

39 U.S.C. § 1208(b).

[2] The same principles normally apply in Postal Reorganization Act cases as in LMRA cases. *See, e.g., Miller v. U.S.P.S.*, 985 F.2d 9, 10 (1st Cir. 1993).

collective bargaining agreement with the employer before they seek judicial intervention." *Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL-CIO v. U.S. Postal Service*, 594 F.2d 988, 991 (4th Cir. 1979) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965)). However, where contractual remedies are "unsatisfactory or unworkable by reason of misconduct of the employer or of the union, exhaustion of those remedies is unnecessary." *Id*. (citing *Vaca v. Sipes*, 386 U.S. 171, 185-86 (1967)); *see, e.g.*, *Nat'l Post Office*, 594 F.2d at 991-21 (court did not require further exhaustion of remedies where the Postal Service failed to implement grievance settlements in favor of the union).

Here, the Court lacks jurisdiction to vacate or enforce the June 28, 2008, arbitration award because the award is not final and binding — the grievance-arbitration procedure provided in the CBA has not been exhausted. Although APWU prevailed on the issue of liability, the remedy has not been decided. On February 25, 2009, the parties remanded the case to the grievance-arbitration procedure for further processing, "up to and including Regional arbitration." Def.'s Mot., Ex. 2 at 1. Also, APWU has not shown that the exhaustion of remedies is unworkable. APWU's complaint is premature and must be dismissed for lack of jurisdiction.

APWU argues that exhaustion of administrative remedies is not jurisdictional under *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). APWU's reliance on *Arbaugh* is misplaced. In *Arbaugh*, the Supreme Court determined that the employee-numerosity requirement set forth in Title VII, 42 U.S.C. § 2000e *et. seq.*, was an element of a claim for relief but was not a jurisdictional requirement. The Court explained that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 515; *see also Bennett v. United States*, 462 F. Supp. 2d 35, 39 n.1 (D.D.C. 2006) (failure to

exhaust administrative remedies under 26 U.S.C. § 7433, which provides a private cause of action for reckless or negligent tax collection, is a nonjurisdictional defect because Congress did not expressly designate exhaustion under the statute as jurisdictional).  Under the Postal Reorganization Act, contractual remedies must be exhausted before judicial intervention can occur.  *Nat'l Post Office*, 594 F.2d at 991.  APWU has not exhausted the arbitration procedure at this time.  The arbitration award as it currently stands is not final and binding, as the issue of remedy has not been decided.  A non-final award is not subject to review.  *See General Drivers*, 372 U.S. at 519; *Millmen Local 550*, 828 F.2d at 1375.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss [Dkt. # 7] will be granted and this case will be dismissed.  A memorializing order accompanies this Memorandum Opinion.


Date: July 14, 2009                          _____/s/_____
                                             ROSEMARY M. COLLYER
                                             United States District Judge